# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN

FUDAIL GIBSON                                          Case No.

      PLAINTIFF,

v.                                                     JUDGE


DETROIT PUBLIC SAFETY DEPARTMENT

-and-

D.P.S. OFFICER ROBERT McDOWELL
DETROIT PUBLIC SAFETY DEPARTMENT

-and-

TPR KEVIN DOLAN #1438
MICHIGAN DEPARTMENT OF STATE POLICE

-and-

TPR JOHN DUFFY #1296
MICHIGAN DEPARTMENT OF STATE POLICE

-and-

MICHIGAN DEPARTMENT OF STATE POLICE

-and-

EASTERN DISTRICT/5TH PRECINCT
DETROIT POLICE DEPARTMENT


      DEFENDANTS.


_____/

Frank J. Simmons II Sup. Ct. No. (0058498)
*Simmons & Simmons LLP*
316 N. Michigan Street Suite 800
Toledo, OH 43604
Ph: 1 (419) 684-0865/(419) 241-2300
Fax: 1 (419) 936-5140
franksimmonsjr@gmail.com

_____

## COMPLAINT AND JURY DEMAND

   Now comes the Plaintiff, FUDAIL GIBSON, and states his cause(s) of action as follows:

1.  This action arises under 42 USC 1983.  Jurisdiction is conferred by 28 USC 1331, 1343(3),

(4). Plaintiff  further requests that the Court invoke its Ancillary (Supplemental) Jurisdiction to

hear the related State Law Claims before the Court in this case under 28 U.S.C. 1367.

2. Plaintiff FUDAIL GIBSON is a resident of the City of Highland Park, Wayne County,

Michigan.

3.  Defendant Detroit Public Safety Department is a division of the Detroit Public Schools, which

is specifically responsible for the protection, law enforcement and the overall operation of safety

within the Detroit Public School District.

4.  Defendant ROBERT MCDOWELL at all material times was and is employed by Defendant

Detroit Public Safety Department, as a Public Safety Officer.

5.  Defendant Michigan Department of State Police is a Michigan state law enforcement agency

authorized by the State of Michigan and duly empowered by the State to investigate, serve,

protect and enforce the laws of the State.

6. Defendant KEVIN DOLAN at all material times was and is employed by Defendant Michigan

Department of State Police, as a Michigan State Trooper.

7.  Defendant JOHN DUFFY at all material times was and is employed by Defendant Michigan

Department of State Police, as a Michigan State Trooper.

8.  Defendant Detroit Police Department/Eastern District/5th Precinct is a local law enforcement

agency empowered and authorized by the charter of the City of Detroit to protect and serve its

residents.

9.  When the events alleged in this complaint occurred, Defendant Public Safety Officer(s),

Detroit Police Officers and Michigan State Troopers were acting within the scope of their

employment and under color of law.

10.  On May 25, 2010, at or about 5:25 pm, Plaintiff was traveling west bound on I-94 in the City

of Detroit Michigan, when he was ordered to pull over by Defendant Public Safety Officer

ROBERT MCDOWELL (hereinafter referred to as "PSO MCDOWELL").

11.  Plaintiff did pull over but when approached by Defendant PSO MCDOWELL, Plaintiff

asked the reason for the traffic stop, then asked whether this Defendant was a PSO of the Detroit

Public Schools.

12.  Defendant PSO MCDOWELL answered in the affirmative.  Plaintiff then pulled off in his

vehicle realizing the Defendant PSO did not have reason or authority to stop nor detain him.

13.  Defendant PSO MCDOWELL then proceeded after the Plaintiff who continued to travel

westbound on I-94.  Defendant PSO MCDOWELL contacted the Michigan State Police

indicating the incident.

14.  Plaintiff was pulled over by the Michigan State Police, arrested and placed in the custody of the Detroit Police Department when Detroit Police Department units arrived at the scene on the charge of Flee and Elude Police Officer.

15.  Plaintiff indicated that he did not understand why he was being stopped and stated that there were no guns nor contraband in the vehicle.

16.  Plaintiff's car was impounded at the scene by the Detroit Police Department.

17.  The Plaintiff was originally charged with one count of Flee or Elude Police Officer.  A preliminary examination was held in the 36th District Court on June 10, 2010 before the Hon. E. Lynise Bryant-Weekes.

18.  After hearing testimony of complainant PSO ROBERT MCDOWELL, the Court declined to bind the defendant over on the charge of Flee or Elude Police Officer 4th degree with Defendant PSO ROBERT MCDOWELL as complainant.

19.  The WAYNE COUNTY PROSECUTING ATTORNEY'S OFFICE through its employee/agent, moved to amend the information charging document to add Defendant MICHIGAN DEPARTMENT of STATE POLICE TROOPERS KEVIN DOLAN and JOHN DUFFY as complainants.  The Court granted the motion and bound the Plaintiff over to the Wayne County Circuit Court as charged.

20.  On August 6, 2010, the WAYNE COUNTY PROSECUTING ATTORNEY'S OFFICE through its employees/agents filed a motion in the Wayne County Third Circuit Court-Criminal Division, requesting that the Court reinstate the charge of Flee or Elude Police Officer 4th degree as to complainant Defendant PSO ROBERT MCDOWELL.

21.  On September 2, 2010, Third Circuit Court Judge Annette J. Berry heard the matter on the

motions of the parties and signed an order of dismissal as to Plaintiff FUDAIL GIBSON.

## COUNT I

### FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS

22.  Plaintiff incorporates by reference paragraphs 1 through 21 as if fully rewritten herein.

23.  Plaintiff FUDAIL GIBSON'S constitutionally protected rights that Defendant's violated

include the following:

   a. his right to liberty protected in the substantive component of the Due Process Clause

   of the Fourteenth Amendment, which includes personal safety and freedom from

   captivity.

   b.  his right to fair and equal treatment guaranteed and protected by the Equal Protection

      Clause of the Fourteenth Amendment.

24.  Defendant Officers/Troopers acting under color of state law, took Plaintiff FUDAIL

   GIBSON into physical custody and remanded him into the custody of the Defendant

   Detroit Police Department, giving rise to affirmative duties on their part to secure for

   him the constitutionally protected rights identified above.

25.  Defendants' violation of their affirmative duties, their intervention in detaining Plaintiff

   without charging him for an infraction prior to arrest for the Flee and Elude Police

   Officer charge, the subsequent arrest and imprisonment while Plaintiff was in the

Defendants' custodial control  is a direct and proximate cause of the deprivation of Plaintiff FUDAIL GIBSON'S constitutional rights described above.

26. As a direct and proximate result of Defendants conduct, Plaintiff FUDAIL GIBSON suffered physical and emotional injury, loss of income, contracts and employment, loss of freedom and other constitutionally protected rights described above.

27. Defendants Detroit Public Safety Department, Michigan Department of State Police and Detroit Police Department, acting under color of state law, authorized, tolerated, ratified or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as Plaintiff FUDAIL GIBSON.

28. As a direct and proximate result of these policies, practices, and customs, Plaintiff FUDAIL GIBSON was deprived of his constitutionally protected rights described above.

## COUNT II

## GROSS NEGLIGENCE

29. Plaintiff incorporates by reference paragraphs 1 through 28 as if fully rewritten herein.

30. Defendant Officers/Troopers acting under color of state law, took Plaintiff FUDAIL GIBSON into physical custody and remanded him into the custody of the Defendant Detroit Police Department, giving rise to affirmative duties on their part to secure for him the constitutionally protected rights identified above.

31. Defendants' breached their affirmative duties by their intervention in detaining Plaintiff without charging him for an infraction prior to arrest for the Flee and Elude Police Officer charge, therefore the subsequent arrest and imprisonment while Plaintiff was in

the Defendants' custodial control  is a direct and proximate cause of the deprivation of

Plaintiff FUDAIL GIBSON'S constitutional rights described above.

32. Defendant Officers/Troopers acting under color of state law and in concert with one

another, by their conduct, showed intentional, outrageous, and reckless disregard for

Plaintiff FUDAIL GIBSON'S constitutional rights.

33. The actions of the Defendant's constitute gross negligence and a violation of the

Plaintiff's rights and as a direct and proximate result the Plaintiff suffered physical and

emotional injury, loss of income, contracts and employment, loss of freedom and other

constitutionally protected rights described above.

34. For such gross negligence, the Defendants are liable to the Plaintiff for damages.

## COUNT III

## NEGLIGENCE: FAILURE TO PROPERLY AND ADEQUATELY TRAIN

35. Plaintiff incorporates by reference paragraphs 1 through 34 as if fully rewritten herein.

36. The Defendants Detroit Public Safety Department, Michigan Department of State Police

and Detroit Police Department have an affirmative duty to properly and adequately

provide police training to its officers and troopers.

37. Defendants Detroit Public Safety Department, Michigan Department of State Police and

Detroit Police Department by acting under color of state law, and by breaching their duty

to provide adequate police training, authorized, tolerated, ratified or acquiesced in the

creation of policies, practices, and customs, establishing a de facto policy of deliberate

indifference to individuals such as Plaintiff FUDAIL GIBSON.

38. As a direct and proximate result of these policies, practices, and customs, Plaintiff
    FUDAIL GIBSON was deprived of his constitutionally protected rights described above.

39. The failure of the Defendants to provide adequate police training constitutes negligence
    and a violation of the Plaintiff's rights and as a direct and proximate result the Plaintiff
    suffered physical and emotional injury, loss of income, contracts and employment, loss
    of freedom and other constitutionally protected rights described above.

40. For such negligence, the Defendants are liable to the Plaintiff for damages.

PLAINTIFF REQUESTS that this court enter judgment against Defendants jointly and severally
in an amount consistent with the damages sustained.

*Simmons & Simmons LLP*

By: /s/ Frank J. Simmons II
     Frank J. Simmons II Sup. Ct. No. (0058498)
     316 N. Michigan Street Suite 800
     Toledo, OH 43604
     Ph: 1 (419) 684-0865/(419) 241-2300
     Fax: 1 (419) 936-5140
     franksimmonsjr@gmail.com