UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FUDAIL GIBSON,

          Plaintiff,

                            CASE NO. 2:13-CV-12329-AJT-PJK
                            JUDGE ARTHUR J. TARNOW
                            MAGISTRATE JUDGE PAUL J. KOMIVES

   v.

DETROIT PUBLIC SAFETY DEPARTMENT,
ROBERT MCDOWELL,
MICHIGAN DEPARTMENT OF STATE POLICE,
KEVIN DOLAN,
JOHN DUFFY and
DETROIT POLICE DEPARTMENT,

          Defendants.
_____/

## ORDER GRANTING AS UNOPPOSED DEFENDANT DETROIT PUBLIC SCHOOLS' JUNE 30, 2014 MOTION TO COMPEL DISCOVERY (Doc. Ent. 21)

**A.**     **Prior Case (2:11-cv-12314-AJT-PJK (E.D. Mich.))**

Fudail Gibson filed a lawsuit, via counsel, on May 25, 2011.  Doc. Ent. 1.  Among the

named defendants was the Wayne County Prosecuting Attorney's Office.  Doc. Ent. 1 ¶¶ 9, 11;

*see also* Doc. Ent. 1 ¶ 28.

The facts underlying the complaint stem from a May 25, 2010 traffic stop and conclude

with a September 2, 2010 Wayne County Circuit Court order of dismissal.  Doc. Ent. 1 ¶¶ 12-23.

Among the five (5) causes of action are a count for false arrest and false imprisonment (Doc.

Ent. 1 ¶¶ 32-35) and a count for malicious prosecution (Doc. Ent. 1 ¶¶ 48-53).

On January 19, 2012, Judge Tarnow dismissed this case without prejudice, because

plaintiff had not shown good cause, nor had he provided any explanation, for failure to execute

service on the defendants.  Doc. Ent. 10.

**B.      Instant Case (2:13-cv-12329-AJT-PJK (E.D. Mich.))**

Gibson filed this lawsuit, via counsel, on May 25, 2013.  Doc. Ent. 1.  Defendants are the

Detroit Public Safety Department (DPS), Robert McDowell, Michigan Department of State

Police, Kevin Dolan, John Duffy and the Detroit Police Department (DPD).  Doc. Ent. 1 ¶¶ 3-8.

The facts underlying the complaint stem from a May 25, 2010 traffic stop and conclude

with a September 2, 2010 Wayne County Circuit Court order of dismissal.  Doc. Ent. 1 ¶¶ 10-21.

Plaintiff's complaint alleges (I) Fourth and Fourteenth Amendment violations; (II) gross

negligence; and (III) negligence:  failure to properly and adequately train.  Doc. Ent. 1 ¶¶ 22-40.

By way of this Court's October 15, 2013 stipulated order, the claims against Michigan

State Police were dismissed.  This order also acknowledged plaintiff's counsel's representation

that he would not attempt to serve MSP Troopers Dolan and Duffy.  Doc. Ent. 11.

Thus, the only remaining defendants are DPS, McDowell and the DPD.  DPS (Doc.

Entries 10 & 14) and DPS Officer Robert McDowell (Doc. Entries 12 & 13) have filed answers

to the complaint.  To date, defendant DPD has not appeared.

**C.      Pending Motion**

On April 14, 2014, Judge Tarnow entered a scheduling order, which in part set the

discovery motion deadline for July 15, 2014, the discovery deadline for August 19, 2014; and the

dispositive motion cut-off for September 15, 2014.  Doc. Ent. 18.

Currently before the Court is defendant Detroit Public Schools' June 30, 2014 motion to

compel discovery.  Doc. Ent. 21.  By this motion, defendant Detroit Public Schools requests

entry of an order compelling "full responses to Detroit Public Schools First Interrogatories and

Requests to Produce to Plaintiff[,]" and "Plaintiff to appear for deposition[.]" Doc. Ent. 21 at 2-

3.

Judge Tarnow has referred this motion to me for hearing and determination.  Doc. Ent. 22.

**D.     Discussion**

**1.     This order assumes that the proper name of defendant "Detroit Public Safety Department" is defendant "Detroit Public Schools."**  As an initial matter, the identification of the defendant named as "Detroit Public Safety Department" needs clarification.  Specifically, plaintiff's May 25, 2013 complaint alleges that "Defendant Detroit Public Safety Department is a division of the Detroit Public Schools, which is specifically responsible for the protection, law enforcement and the overall operation of safety within the Detroit Public School District."  Doc. Ent. 1 ¶ 3.

However, the matters filed on behalf of defendant "Detroit Public Schools Safety Department" use varying labels.  For example, the October 9, 2013 notice of appearance is on behalf of Defendants Detroit Public Safety Department and DPS Officer Robert McDowell.  Doc. Ent. 7.  Also, the answers, which are filed by the Detroit Public Safety Department, explain that "the Detroit Public Schools Police Department is a division of the School District of the City of Detroit which provides public safety."  *See* Doc. Entries , 10 ¶ 3 & 14 ¶ 3.  Furthermore, the June 12, 2014, witness list is filed on behalf of Detroit Public Schools and McDowell (Doc. Ent. 19), and the instant June 30, 2014 discovery motion is filed on behalf of Detroit Public Schools (Doc. Ent. 21 at 2).

**2.**     "A respondent opposing a motion must file a response, including a brief and supporting documents then available."  E.D. Mich. LR 7.1(c)(1).  Furthermore, "[a] response to a nondispositive motion must be filed within 14 days after service of the motion."  E.D. Mich. LR

3

7.1(e)(2)(B).

Defendant Detroit Public Schools' motion to compel (Doc. Ent. 21) was filed on Monday, June 30, 2014. Therefore, any response by plaintiff would ordinarily have been due on or about Thursday, July 17, 2014. *See* Fed. R. Civ. P. 6(a) ("Computing Time."); Fed. R. Civ. P. 6(d) ("Additional Time After Certain Kinds of Service."). To date, plaintiff has not filed a response or a motion to extend the time in which to respond.

**3.**     Defendant Detroit Public Schools allegedly served the discovery requests at issue on April 10, 2014. *See* Doc. Ent. 21 at 2 ¶ 1.[1] Therefore, answers to these requests were due on or about May 13, 2014. Fed. R. Civ. P. 33(b)(2) ("Time to Respond."), Fed. R. Civ. P. 34(b)(2)(A) ("Time to Respond."), Fed. R. Civ. P. 6(a), (d).

Defendant Detroit Public Schools contends that "[p]laintiff has failed to serve answers or respond in any way[,]" and "[p]laintiff has failed to provide a date upon which to be deposed." Doc. Ent. 21 at 2 ¶¶ 2, 4.

**E.     Order**

Upon consideration, defendant Detroit Public Schools' June 30, 2014 motion to compel discovery (Doc. Ent. 21) is GRANTED as unopposed.. Accordingly, within fourteen (14) days of the date of this order, plaintiff (A) SHALL serve answers and responses to Detroit Public

---

[1]E.D. Mich. LR 37.2 ("Form of Discovery Motions") provides: "Any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion."

Defendant Detroit Public Schools' June 30, 2014 motion does not contain a verbatim recitation or a copy of the actual discovery document. *See* Doc. Ent. 21 at 1-4. Still, the Court will grant this motion, because it alleges that plaintiff has not answered or responded to the interrogatories and requests to produce allegedly served on April 10, 2014. Thus, the Court need not consider the content of those requests in its determination of the instant motion.

Schools' April 10, 2014 interrogatories and request for production of documents which comport

with Fed. R. Civ. P. 33(b) ("Answers and Objections.") and Fed. R. Civ. P. 34(b)(2) ("Responses

and Objections.") and (B) SHALL provide a date upon which to be deposed.

       IT IS SO ORDERED.

       The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of

fourteen (14) days from the date of receipt of a copy of this order within which to file objections

for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: July 24, 2014            s/Paul J. Komives
                                PAUL J. KOMIVES
                                UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on July 24, 2014, electronically and/or by U.S. Mail.

           s/Michael Williams
           Case Manager for the
           Honorable Paul J. Komives